UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDUARDO LOPEZ CAPULIN,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-07005-DAD-CKD

ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL BRIEFING

Petitioner has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner also filed a motion for a temporary restraining order ("TRO"). (Doc. No. 2.) Thereafter, this court ordered respondent to file a response to petitioner's TRO motion and directed respondent to indicate whether he opposed this court from also ruling on the underlying habeas petition. (Doc. No. 4.)

Respondent filed an answer to the petition for writ of habeas corpus. (Doc. No. 6.) Therein, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(c) because "on August 11, 2026, local police received reports that Petitioner had assaulted an individual during the incident that lead to his public intoxication arrest, and Petitioner charged with violating Texas Penal Code § 22.02(a)(1), Aggravated Assault causing Serious Bodily Injury." (Doc. No. 6 at 1) (citing Doc. No. 6-2). However, respondent has not come forward

with evidence to support a finding that petitioner was arrested for or charged with violating § 22.02(a)(1). Rather, the police report upon which respondent relies appears only to establish that the victim of the alleged assault and his wife were interviewed by police and indicated that they wished to pursue charges against petitioner, who the wife stated had been arrested for public intoxication. (Doc. No. 6–2 at 3.)

Accordingly, no later than Monday, November 23, 2026, respondent is ORDERED to file supplemental briefing, with supporting documentation, addressing: (1) whether petitioner was arrested, charged with, or is facing charges of aggravated assault; and (2) if petitioner was in fact charged with aggravated assault, the status of criminal proceedings with respect to that charge, if any. If respondent fails to satisfy this order, respondent may well not have met the burden of showing § 1226(c)(1)(ii) as the basis for petitioner's detention, which in turn may result in the granting of petitioner's motion for a temporary restraining order.

IT IS SO ORDERED.

Dated: **November 18, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE